UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    vs.<br><br>VIMOON SORTSOY,<br><br>        Defendant. | Criminal No. 21-cr-10031-ADB |

**ASSENTED-TO MOTION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL INFORMANT INFORMATION**

The United States of America, by and through its counsel of record, the United States Attorney for the District of Massachusetts and Assistant United States Attorney Sarah B. Hoefle, with the assent of the defendant Vimoon Sortsoy, for the reasons set forth below, hereby requests that the Court enter a protective order in this case restricting the use and dissemination of information related to a cooperating witness who participated in the investigation of this case, as as set forth below.

    1.    On January 27, 2021, the grand jury returned an indictment against the defendant in *United States v. Vimoon Sortsoy*, 21-cr-10031-ADB. The defendant is charged with one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846.

    2.    The government intends to produce to the "defense team" (defined below) materials related to a cooperating witness who participated in the investigation of this case and materials (collectively referred to as the "Protected Information"). The Protected Information could be used to identify the cooperating witnesses. The purpose of this proposed protective

order is to prevent the unauthorized dissemination or distribution of this Protected Information, which dissemination the government believes may expose him/her to potential safety risks.

3. The Protected Information that the government produces to the defense pursuant to the proposed protective order is solely for the use of the defendant, his attorney, or other individuals or entities acting within the attorney-client relationship to prepare for trial in this case.

4. Accordingly, the government requests, with the defendant's assent, a protective order that will permit the government to produce discovery related to the cooperating witness, but preserves the security of the cooperating witness by placing limitations on the use of discovery and on defendant's access to the discovery without defense counsel present.

5. The government represents that the following conditions, if ordered by the Court in the proposed protective order (the "Protective Order"), will serve the government's interest in preserving the effectiveness and safety of the cooperating witness, while permitting the defense to understand the government's evidence against the defendant:

    a. For purposes of the Protective Order, the term "confidential materials" includes any information relating to a cooperating witness's prior history of cooperation with law enforcement, ay cooperating witness's recorded statements, whether written or oral, prior criminal history, or any other information that could be used to identify the cooperating witness, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

b. For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm or office who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to the defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include the defendant, the defendant's family members, or any other associates of the defendant.

c. Defendant's counsel of record shall agree to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

d. The government is authorized to provide the defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER."  If the defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, after first attempting in good faith to resolve his objection(s) with the government.

e. The defendant may review Protected Information in this case only in the presence of a member of the defense team.  Counsel of record shall ensure that the defendant is never left alone with any Protected Information.  The defendant may see and review Protected Information in the presence of his counsel of record or their designees as

authorized under the protective order, but the defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information at any time. The defendant must return any Protected Information to the defense team at the conclusion of any meeting at which the defendant viewed the Protected Information. The defendant may not take any Protected Information out of the room in which he meets with the defense team. The defendant may not write down or memorialize any confidential materials contained in the Protected Information. At the conclusion of any meeting with the defendant, the defense team shall take with them all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of the defendant, whether he is incarcerated or not.

f. The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including the defendant.

g. The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review Protected Information with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the defense team must be present if Protected Information is being shown to the defendant. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

h. The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not

permitting anyone other than defense team members and defendant as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

i.      To the extent that notes are made that memorialize, in whole or in part, the confidential materials in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j.      The defense team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeals filed by the defendant and any motions filed by the defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal, unless relief from the restrictions imposed in the protective order are first obtained from the Court.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such parties an opportunity to object or otherwise respond to such intention.  If the other parties do not object to the proposed filing, the party seeking to file such information shall redact the confidential material and make all reasonable attempts to limit the disclosure of confidential materials.

k.      The defendant and the defense team also agree that any confidential materials

produced in the government's discovery prior to the date of the Protective Order shall be deemed covered by the terms of the Protective Order.

l.      Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing confidential materials to the government or certify that such materials have been destroyed.

m.      In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning to the government or certifying the destruction of all Protected Information and materials otherwise identified as containing confidential materials upon the conclusion of appellate and post-conviction proceedings.

n.      Notwithstanding anything else in the Protective Order to the contrary, documents produced by the government in discovery will not be subject to this Protective Order unless they are marked by the government with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER."

6. Defense counsel assents to this motion.

7. Accordingly, the government requests that this motion be granted and that the Court enter a protective order in the form submitted herewith.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

        By: */s/ Sarah B. Hoefle*
        Sarah B. Hoefle
        Assistant United States Attorney
        United States Attorney's Office MA
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        617-748-3120
        sarah.hoefle@usdoj.gov

        Dated: February 8, 2021

Certificate of Service

      I hereby certify that I served the foregoing document by ECF on February 8, 2021 to all counsel of record.

                                                */s/ Sarah B. Hoefle*
                                                Sarah B. Hoefle
                                                Assistant U.S. Attorney