UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

       vs.

VIMOON SORTSOY,

          Defendant.

Criminal No. <u>21-cr-10031-ADB</u>

## PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL INFORMANT INFORMATION

The Court has read and considered the assented-to motion by the government for a Protective Order Regarding Discovery Containing Confidential Informant Information.  FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1.     The government's discovery in this case relates to the defendant's indictment in *United States v. Vimoon Sortsoy*, 21-cr-10031-ADB.

2.     Certain parts of the discovery in this case relate to a cooperating witness involved in the investigation of this case, and therefore the discovery contains identifying information. The dissemination or distribution of these materials could expose him/her to potential safety risks.

3.     The discovery related to the cooperating witness that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

a.     For purposes of the Protective Order, the term "confidential materials" includes any information relating to a cooperating witness's prior history of cooperation with law enforcement, any cooperating witness's recorded statements, whether written or oral,

2

prior criminal history, or any other information that could be used to identify the cooperating witness, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order, and that is clearly marked by the government with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER."

b.      For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm or office who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to the defendant's counsel of record that they agree to be bound by the terms of the Protective Order.  The term "defense team" does not include the defendant, the defendant's family members, or any other associates of the defendant.

c.      Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any Protected Information.

d.      The government is authorized to provide defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO

PROTECTIVE ORDER."  If the defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

e.        The defendant may review Protected Information in this case only in the presence of his counsel of record, and his counsel of record shall ensure that the defendant is never left alone with any Protected Information.  The defendant may see and review Protected Information in the presence of his counsel of record or other member of the defense team, but the defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case without authorization from the Court.  The defendant must return any Protected Information to his counsel of record at the conclusion of any meeting at which the defendant was permitted to view the Protected Information.  The defendant may not take any Protected Information out of the room in which he meets with a member of the defense team.  The defendant may not write down or memorialize any confidential materials contained in the Protected Information.  At the conclusion of any meeting with the defendant, a member of the defense team shall take with them all Protected Information.  At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of the defendant, whether he is incarcerated or not, without leave of Court.

f.        The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including the defendant.

g.        The defense team shall access and use Protected Information solely in connection with this case, *e.g.*, in preparation for trial or other proceedings in the case.  The defense team may review Protected Information with a witness or potential witness in this case,

including the defendant, subject to the requirement above that a member of the defense team must be present if Protected Information is being shown to the defendant. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

h.     The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of Protected Information by: (1) not permitting anyone other than defense team members and defendant as restricted above to see Protected Information; (2) not disclosing to anyone the contents of Protected Information; and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

i.     To the extent that notes are made that memorialize, in whole or in part, the confidential material in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions shall be Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j.     The defense team shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeals filed by the defendant and any motions filed by the defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential material with the Court or disclose the contents of such materials in court

filings, the filings shall be made under seal, unless leave of Court is obtained to file them publicly.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such other parties an opportunity to object or otherwise respond to the Court's decision.  If the other parties do not object to the proposed filing, the party seeking to file such information shall redact the confidential material and make all reasonable attempts to limit the disclosure of confidential material.

k.      The defendant and the defense team also agree that any confidential material produced in the government's discovery prior to the date of the Protective Order shall be deemed covered by the terms of the Protective Order, provided such materials have been clearly marked with the legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." Notwithstanding anything in this Protective Order to the contrary, unless a document produced in discovery is clearly marked with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER," it shall not be considered Protected Information, confidential, or otherwise subject to this Protective Order.

l.      Upon the final disposition of this case, any Protected Information and material otherwise identified as containing confidential information shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of all appellate and post-conviction proceedings, the defense team shall return Protected Information and material otherwise identified as containing

confidential material to the government or certify that all such material has been destroyed.

m.      In the event that there is a substitution of counsel prior to the date when confidential material subject to this Protective Order must be returned or destroyed, new defense counsel shall be required to agree in writing to abide by the terms of this Protective Order before any Protected Information or material otherwise identified as containing confidential material may be transferred from the current defense counsel to the new defense counsel.

SO ORDERED.


2/8/2021                                                      /s/  Jennifer C. Boal
DATED                                                     HONORABLE JENNIFER C. BOAL
                                                               UNITED STATES MAGISTRATE JUDGE

7