UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
|                                                              ) | |
|            v.                                               ) | |
|                                                              ) No. 1:21-cr-10031-ADB | |
| VIMOON SORTSOY,                            ) | |
|                                                              ) | |
|            Defendant                                 ) | |

INITIAL STATUS REPORT PURSUANT TO LOCAL RULE 116.5(a) AND ASSENTED-TO MOTION FOR ORDER ON EXCLUDABLE DELAY

The defendant, Vimoon Sortsoy (the "Defendant"), is charged in an indictment with conspiracy to distribute and to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846. On February 4, 2021, the Defendant made his initial appearance in the District of Massachusetts, at which the government moved for detention. The parties submitted an assented-to motion for a protective order on February 8, 2021, which the Court granted and so-ordered that day (the "Protective Order") (ECF Dkt. Nos. 11-13). On February 10, 2021, the arraignment and detention hearing were held, and the Court set an initial status conference for March 23, 2021. On February 11, 2021, the Court entered an order excluding time from February 4, 2021 through March 23, 2021. On February 17, 2021, the Court ordered the Defendant released on conditions and on February 18, 2021, the Court held a hearing setting conditions of release.

Pursuant to Local Rule 116.5(a), the government submits the following status report with the Defendant's assent. In short, the parties are cooperatively discussing pretrial matters and more time is needed for the Defendant to review discovery and decide on next steps.

I. <u>Timing and Status of Automatic Discovery and Pending Discovery Requests</u>

The defendant has requested automatic discovery and the government has made its initial automatic discovery production as of March 9, 2021. The Defendant is currently reviewing the discovery material and as such, has not yet served any discovery requests. The government has made a request for reciprocal discovery from the Defendant.

II. <u>Timing of Additional Discovery</u>

The government understands that it has an ongoing and continuing duty to produce discovery and will make supplemental productions as needed. The government has already made certain disclosures broader than those required by the discovery rules.

III. <u>Timing of Additional Discovery Requests</u>

At present, there are no outstanding discovery requests or discovery motions by the Defendant. The Defendant reserves the right to request additional discovery after counsel's review of materials produced to date has progressed further.

IV. <u>Protective Orders</u>

Certain discovery materials have been produced pursuant to the above-described Protective Order.

V. <u>Pretrial Motions</u>

As the review of discovery is ongoing, the parties believe that it is too early to establish deadlines for pretrial motions. The parties request that any deadlines for motion practice not be set until the discovery process is further along or at the interim status conference.

VI. <u>Timing and Status of Expert Witness Disclosures</u>

Similarly, at this time, the parties request that expert witness deadlines not be set until the discovery process is further along or at the interim status conference.

VII.    Excludable Delay Under Speedy Trial Act

The parties jointly request that the Court issue an order on excludable delay and exclude all time for Speedy Trial Act purposes from March 23, 2021 through and including the date of the interim status conference.  *See* 18 U.S.C. § 3161(h)(7).  Specifically, the parties submit that the ends of justice served by the granting of this request outweigh the interests of the public and the defendants in a speedy trial.  Among other things, the factors outlined in 18 U.S.C. § 3161(h)(7)(B) support such a continuance and additional time is necessary to prepare for trial.  *See, e.g.*, 18 U.S.C. § 3161(h)(7)(B)(i) (requiring consideration of whether the failure to grant a continuance would result in a miscarriage of justice); 18 U.S.C. § 3161(h)(7)(B)(iv) (requiring consideration of whether, even if the case was not so unusual or complex as to fall within clause (h)(7)(B)(ii), a continuance is still required to give counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence).

VIII.   Timing of Next Status Conference

The parties do not anticipate any issues that warrant the Court's intervention at this time. Given the update herein, if the Court is inclined to cancel the initial status conference presently scheduled for March 23, 2021, the parties respectfully request that the Court schedule an interim status conference in approximately 60 days.

Respectfully submitted,

NATHANIEL R. MENDELL
United States Attorney

By:    */s/ Sarah B. Hoefle*
Sarah B. Hoefle
Assistant United States Attorney

Dated:  March 15, 2021

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>*/s/ Sarah B. Hoefle*
>Sarah B. Hoefle
>Assistant United States Attorney

Date:  March 15, 2021