UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 1:21-cr-10031-ADB |
| VIMOON SORTSOY, | ) |
| | ) |
| Defendant | ) |

## STATUS REPORT PURSUANT TO LOCAL RULE 116.5 AND ASSENTED-TO MOTION FOR ORDER ON EXCLUDABLE DELAY

The United States of America, by and through the undersigned Assistant United States Attorney, submits the following status report with the assent of the defendant, Vimoon Sortsoy (the "Defendant"), pursuant to Local Rule 116.5. The Defendant in the above-captioned case is currently charged in an indictment with conspiracy to distribute and to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846. In short, the parties are cooperatively discussing pretrial matters and more time is needed for the Defendant to review discovery and decide on next steps.

I. Status of Automatic Discovery and Pending Discovery Requests

The Defendant has requested automatic discovery and the government has made its initial automatic discovery production as of March 9, 2021. The Defendant is currently reviewing the discovery material and as such, has not yet served any discovery requests. The government has made a request for reciprocal discovery from the Defendant.

II. Timing of Additional Discovery

The government made a supplemental discovery production on April 15, 2021. The government is continuing to review for discoverable materials additional evidence, including for example an iPhone search warrant return, and will provide any such discoverable materials in a

supplementary production. The government understands that it has an ongoing and continuing duty to produce discovery and will make supplemental productions as needed. The government has already made certain disclosures broader than those required by the discovery rules.

III.     Timing of Additional Discovery Requests

At present, there are no outstanding discovery requests or discovery motions by the Defendant. The Defendant reserves the right to request additional discovery after counsel's review of materials produced to date has progressed further.

IV.     Protective Orders

Certain discovery materials have been produced pursuant to a Protective Order so-ordered by the Court on February 8, 2021, submitted by the parties with an assented-to motion that same day (ECF Dkt. Nos. 11-13).

V.     Pretrial Motions

As the review of discovery is ongoing, the parties believe that it is too early to establish deadlines for pretrial motions. The parties request that any deadlines for motion practice not be set until the discovery process is further along or at the interim status conference.

VI.     Timing and Status of Expert Witness Disclosures

Similarly, at this time, the parties request that expert witness deadlines not be set until the discovery process is further along or at the next status conference.

VII.     Defenses of Insanity, Public Authority, or Alibi

The defendant has not asserted any defenses. He will inform the government if any of these defenses are anticipated.

VIII.     Excludable Delay Under Speedy Trial Act

The parties jointly request that the Court issue an order on excludable delay and exclude all time for Speedy Trial Act purposes from May 25, 2021 through and including the date of the

next status conference. *See* 18 U.S.C. § 3161(h)(7). Specifically, the parties submit that the ends of justice served by the granting of this request outweigh the interests of the public and the defendants in a speedy trial. Among other things, the factors outlined in 18 U.S.C. § 3161(h)(7)(B) support such a continuance and additional time is necessary to prepare for trial. *See, e.g.*, 18 U.S.C. § 3161(h)(7)(B)(i) (requiring consideration of whether the failure to grant a continuance would result in a miscarriage of justice); 18 U.S.C. § 3161(h)(7)(B)(iv) (requiring consideration of whether, even if the case was not so unusual or complex as to fall within clause (h)(7)(B)(ii), a continuance is still required to give counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence).

IX. Status of Plea Discussions and Estimated Length of Trial

The parties have not yet engaged in substantive discussions regarding a potential resolution of this case. The estimated length of trial is four to five days.

X. Timing of Next Status Conference

The parties do not anticipate any issues that warrant the Court's intervention at this time. Given the update herein, if the Court is inclined to cancel the initial status conference presently scheduled for May 25, 2021, the parties respectfully request that the Court schedule an interim status conference in approximately 60 days.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:  */s/ Sarah B. Hoefle*
 Sarah B. Hoefle
 Assistant United States Attorney

Dated: May 18, 2021

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Sarah B. Hoefle*
Sarah B. Hoefle
Assistant United States Attorney

Date: May 18, 2021